OPINION *Page 2 
{¶ 1} Defendant-appellant Naim Malek appeals from his conviction and sentence entered in the Mahoning County Common Pleas Court for Trafficking in Powder Cocaine, violations of R.C.2925.03(A)(1)(C)(4)(a), (c) and (d), and Attempted Possession of Drugs, a violation of R.C. 2925.11(A). Two issues are raised in this appeal. The first issue is whether the trial court abused its discretion when it denied Malek's motion to continue sentencing. The second issue is whether counsel's performance at the sentencing hearing amounted to ineffective assistance of counsel. For the reasons expressed below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF CASE {¶ 2} A superceding indictment was issued against Malek on December 18, 2003. The indictment contained seven counts. Counts one through five were for Trafficking in Powder Cocaine, violations of R.C.2925.03(A)(1)(C)(4)(a), (b), (c), and (d). Count six was for Attempted Trafficking of Oxycontin, a violation of R.C. 2925.03(A)(1)(C)(1)(b). Count seven was for Attempted Possession of Drugs, a violation of R.C.2925.11(C)(1)(c).
 {¶ 3} After many continuances, some of which were attributable to Malek, on November 16, 2005, Malek and the state entered into a plea agreement. The state dismissed counts one, three and six and amended count five of the indictment to change the degree of the offense from a second degree felony to a third degree felony. This was accomplished by removing the selling drugs within 1000 feet of a school zone specification. Malek then pled guilty to all remaining counts.
 {¶ 4} Sentencing was scheduled for December 20, 2005. Prior to sentencing, Malek filed for a continuance because of a scheduling conflict with his attorney. Sentencing was rescheduled for December 28, 2005. On December 28, 2005, Malek failed to appear because he had not received notice. The court rescheduled sentencing for the next day, December 29, 2005. Malek once against failed to appear, allegedly based upon the failure to notify him. Malek was back in the custody of the court on January 6, 2006. Sentencing was reset for January 11, 2006.
 {¶ 5} On January 9, 2006, Malek filed a motion for funeral release and motion to continue sentencing. His basis for the motion was that his brother-in-law in California had died on the sixth and he wished to attend the funeral. Furthermore, he *Page 3 
claimed that if sentencing continued on the eleventh, none of his family would be able to testify on his behalf because they would all still be in California for the funeral. The state opposed the motion. The trial court denied the motion.
 {¶ 6} Sentencing occurred on January 11, 2006. Malek's counsel, Attorney Dennis DiMartino, was ill and did not attend the hearing. Instead, Attorney Jennifer McLaughlin, an associate of Attorney DiMartino, attended the hearing to represent Malek. Attorney McLaughlin renewed the motion for continuance. This time the motion was based on the fact that she was unprepared and that Attorney DiMartino could not attend the hearing. The trial court denied the motion.
 {¶ 7} Malek was then sentenced to a total of 3 years. He received 10 months on count two, Trafficking in Powder Cocaine, a violation of R.C.2925.03(A)(1)(C)(4)(a), a fifth degree felony. On count four, Trafficking in Powder Cocaine, a violation of R.C.2925.03(A)(1)(C)(4)(a), a fourth degree felony, he received a 12 month sentence. On count five, Trafficking in Powder Cocaine, a violation of R.C. 2925.03(A)(1)(C)(4)(d), a third degree felony, he was sentenced to a three year sentence with one year mandatory, a $5,000 fine, a three year driving suspension, and was ordered to make restitution in the amount of $2,432 to the Mahoning Valley Task Force. On count seven, Attempted Possession of Drugs, a violation of R.C. 2925.11(C)(1)(c), a third degree felony, he received a three year sentence and an additional $5,000 fine. Prison sentences on counts two, four and seven were ordered to be served concurrently with the prison sentence on count five.
 {¶ 8} Malek timely appeals raising two assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT-APPELLANTS MOTION TO CONTINUE SENTENCING. (TR. AT 5-6)"
 {¶ 10} The granting of a continuance is a matter within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Beuke (1988), 38 Ohio St.3d 29. An abuse of discretion is shown if the trial court's attitude in rendering its decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 11} Whether the trial court has abused its discretion in denying a motion for continuance depends upon the circumstances, "particularly * * * the reasons presented to the trial judge at the time the request is denied." State v. Powell (1990), *Page 4 49 Ohio St.3d 255, 259 (overruled on other grounds), quoting Ungar v.Sarafite (1964), 376 U.S. 575, 589.
 {¶ 12} "The reviewing court must weigh potential prejudice against `a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" Powell,49 Ohio St.3d at 259. Relevant factors include "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. SeeUnited States v. Burton [(C.A.D.C, 1978), 584 F.2d 485], supra;Giacalone v. Lucas [(C.A.6, 1971), 445 F.2d 1238], supra." State v.Unger (1981), 67 Ohio St.2d 65, 67. See, also, Powell,49 Ohio St.3d at 259; State v. Jones (Dec. 30, 1999), 8th Dist. No. 75574.
 {¶ 13} The first factor is the length of the delay requested. In neither the written motion for continuance nor in the oral motion for continuance is there a specification as to the amount of time needed.
 {¶ 14} The second factor is whether other continuances have been requested and received. Out of the three prior sentencing dates that were set, Malek failed to appear at two of them and the other one had been continued on defense counsel's motion due to a scheduling conflict. The trial court had been trying to sentence Malek for nearly a month prior to this last continuance request.
 {¶ 15} Furthermore, prior to the sentencing delays, there were approximately ten delays in this case. One was attributable to the state: the prosecutor was unavailable. Four were attributable to the court: it needed to reschedule due to other trials. Five were attributable to Malek. Admittedly, some of these requests were attributable to Malek's counsel, however, they still count against Malek. In each of these five instances, the trial court continued the matter. In all, it took this case over two years to be completed.
 {¶ 16} The third factor is the inconvenience to litigants, witnesses, opposing counsel and the court. The inconvenience for the court and the state in this case was the length of time it was taking to close this case. The inconvenience for Malek was twofold. First, his family, who was allegedly supposed to testify on his behalf at *Page 5 
sentencing, could not attend because they were attending a funeral in California. Second, due to his counsel's illness, he was unable to be represented by his retained counsel who had been representing him in this matter for two years. That said, and as will be discussed under the second assignment of error, Malek was represented and that attorney was, as the trial court noted, very well prepared.
 {¶ 17} The fourth factor is whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived. Nothing in the record indicates that the continuance was requested for dilatory, purposeful or contrived reasons. The record reveals that no family members spoke at the sentencing. Furthermore, Malek's trial counsel was not able to attend sentencing due to illness. However, original trial counsel did send replacement counsel.
 {¶ 18} The fifth factor is whether defendant contributed to the circumstance which gives rise to the request for a continuance. The record does not even remotely indicate that Malek caused the death of his brother-in-law or caused trial counsel's illness. All requested reasons for the continuance were outside of Malek's control.
 {¶ 19} The final consideration is any other relevant factors, depending on the unique facts of each case. Malek concentrates on the fact that substitute counsel for trial counsel was not prepared and did not adequately represent him. This argument is intertwined with the second assignment of error. As will be discussed under that assignment of error, both original trial counsel and substitute counsel were competent and no error resulted from their representation of Malek.
 {¶ 20} Considering all the above, the two main competing interests that emerge are the length of time it was taking to complete this case and Malek's ability to be represented by original trial counsel. While Malek had no control over his counsel's illness and ability to attend his sentencing hearing, Malek was represented at the sentencing hearing. Furthermore, this case was taking an inordinate amount of time to complete. Numerous delays were attributable to Malek, including all delays during sentencing.
 {¶ 21} Moreover, the record indicates that no prejudice resulted from the denial of the continuance motion. See Powell, 49 Ohio St.3d at 259
(stating a reviewing court must weigh potential prejudice against a court's right to control its own docket). The trial court clearly indicted that its familiarity with the case and its review of the presentence investigation report (PSI) indicated that there was no need to continue *Page 6 
sentencing. (Tr. 4). The record indicates that continuing the sentencing would not have altered the sentence.
 {¶ 22} Weighing all the above factors, and the trial court's own right to control its own docket against any potential prejudice to Malek, we cannot find that the trial court abused its discretion. Consequently, this assignment of error has no merit.
 SECOND ASSIGNMENT OF ERROR {¶ 23} "DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HIS RETAINED COUNSEL FAILED TO ATTEND DEFENDANT-APPELLANTS SENTENCING AND SUBSTITUTE COUNSEL WAS UNPREPARED TO PROCEED. (TR. AT 2)."
 {¶ 24} Malek's claim is reviewed under the two-part test ofStrickland v. Washington (1984), 466 U.S. 668. "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal,87 Ohio St.3d 378, 388-389, 2000-Ohio-448. When evaluating an ineffective assistance of counsel claim, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 25} Two separate arguments are presented under this assignment of error. First, Malek argues that original trial counsel was ineffective because trial counsel did not attend his sentencing hearing. Second, he argues that substitute counsel was ineffective because she was not prepared. Each attorney's conduct will be addressed separately.
 Original Trial Counsel {¶ 26} The first prong of the Strickland test requires a finding that counsel's performance fell below an objective standard of reasonableness, i.e. the performance was deficient. In order for counsel's performance to be found deficient, it must be shown that counsel "made errors so serious that counsel was not functioning as the *Page 7 
`counsel' guaranteed the defendant by the Sixth Amendment."Strickland, 466 U.S. at 687.
 {¶ 27} Malek argues that original counsel's performance was deficient because counsel did not attend the sentencing hearing. While it is true that counsel did not attend the sentencing hearing, the reason he could not attend was because he injured his back and was at a doctor's appointment. However, original counsel did send an associate, substitute counsel, to represent Malek during sentencing.
 {¶ 28} This court has previously held that when counsel sends a replacement to attend a witness' deposition, that act in some circumstances does not amount to deficient performance. State v.Lewis, 7th Dist. No. 03MA36, 2005-Ohio-2699. The circumstances inLewis were that the state wanted to depose a certain witness. The state discovered the witness was moving within the next couple of days. The state then filed a motion for deposition and the motion was granted that same day. Defense counsel could not ask for a continuance due to the timing and also could not attend. Thus, counsel sent a replacement to attend. We found that this act did not amount to deficient performance.
 {¶ 29} While this case is factually not exactly the same asLewis, the rationale for its holding applies. That is, when an attorney calls upon other counsel to represent his or her client due to illness or emergency, the mere substitution of legal counsel does not, on its face, constitute deficient representation. Rather, a reviewing court should look to see if substitute counsel's performance failed to meet the standards set forth in Strickland.
 {¶ 30} Accordingly, Malek's claim of ineffective assistance of original trial counsel fails and the second prong of Strickland does not need to be addressed. See Madrigal, 87 Ohio St.3d at 389, 2000-Ohio-448
(noting that both prongs of the Strickland test need not be analyzed if the claim can be resolved under only one). See, also, State v. Loza
(1994), 71 Ohio St.3d 61, 83 (overruled on other grounds, stating if a claim may be resolved on grounds of lack of prejudice, that course should be followed).
 Substitute Counsel {¶ 31} Next, Malek argues substitute counsel's representation amounted to ineffective assistance of counsel because she was not prepared. As stated above, the first prong of ineffective assistance of counsel is whether her performance was *Page 8 
deficient, i.e. did it fall below an objective level of reasonableness.Strickland, 466 U.S. at 687.
 {¶ 32} Substitute counsel stated at the beginning of the hearing that she was unprepared to go forward. (Tr. 2). However, she did acknowledge that she had an opportunity to review the PSI. (Tr. 4). Furthermore, when the court gave her the opportunity to speak, the following occurred:
 {¶ 33} "[Substitute Counsel:] I would like to begin by pointing out that Mr. Malek had never been adjudicated a delinquent child. He doesn't have any sort of a felony criminal record. He does have a felonious assault charge pending in the Mahoning County Court of Common Pleas, but that has not resulted in any type of a conviction or a plea of guilty to that offense at this time, Your Honor.
 {¶ 34} "Also, Mr. Malek has a significant support system in the community in the Akron area which as we know is very nearby. He has a mother, father and three siblings who are supportive, who are a network of him. He is also engaged to a Ms. Darlene Mart. She lives in the Hubbard area. The couple is expecting a child in seven months, Your Honor.
 {¶ 35} "Mr. Malek owns a home. He's lived there for the past five years. He works for his family's construction business. Gainful employment.
 {¶ 36} "Also, Your Honor, this offense was committed when Mr. Malek was under the influence of drugs. He was abusing drugs at this time. He's acknowledged to me that he was abusing and did have a problem. Since 2003 when these offenses occurred, Your Honor, he has since kicked any sort of a drug habit. He's completely substance abuse free right now, and he feels that that would improve his conduct, allow him to be a law-abiding citizen.
 {¶ 37} "Also, Mr. Malek has expressed to me certainly responsibility and remorse for this offense, remorse that this ever occurred, remorse that it has — it has led to a position where he will not be able to be there to support his fiancé during the birth of their child, and Mr. Malek also would like to go ahead and say something to the Court if the Court would like to hear that at this time.
 {¶ 38} "The Court: Is that it?
 {¶ 39} "[Substitute Counsel:] Yes, Your Honor. *Page 9 
 {¶ 40} "The Court: For having received the case on the impromptu notice that you received, you sure act pretty well prepared to me.
 {¶ 41} "Ms. McLaughlin: Thank you, Your Honor." (Tr. 18-20).
 {¶ 42} As the trial court indicated, substitute counsel's presentation of facts and indicators for sentencing was more than adequate. The record indicates that she was adequately prepared to represent Malek. Thus, when considering the strong presumption that counsel's conduct fell within the wide range of reasonableness, we cannot find that her performance fell below an objective standard of reasonableness.
 {¶ 43} This assignment of error lacks merit. Malek has failed to establish the first prong, deficient performance, of an ineffective assistance of counsel claim for both original counsel and substitute counsel. As such, as explained above, the second Strickland prong, prejudice, does not need to be addressed. Madrigal,87 Ohio St.3d at 389, 2000-Ohio-448.
 {¶ 44} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1